UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  5:12cr3/MW/CJK
 5:14cv142/MW/CJK

CHARLES A. ARMSTRONG
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 289).  The Government filed a response (ECF No. 304) and Defendant filed a reply.  (ECF No. 317).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).  After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and the § 2255 motion should be denied.  *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

Defendant was charged in four counts of a six-count indictment with conspiracy to distribute and possess with intent to distribute one thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of

Case Nos.: 5:12cr3/MW/CJK; 5:14cv142/MW/CJK

marijuana (Count One); possession with intent to distribute one thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of marijuana on a date certain (Count Two); possession of firearms in furtherance of the drug trafficking crime charged in Count One (Count Three); and possession of a firearm by a convicted felon (Count Five).   (ECF No. 48).

Represented by appointed counsel Maria Dykes, Defendant moved to suppress evidence seized pursuant to a search warrant for a premises in Vernon, Florida.   He alleged that law enforcement's search of his residence was improper because neither the address listed in the warrant nor the directions to the property led to Defendant's address.   (ECF No. 69).   The court denied the motion on May 18, 2012, after a hearing.   (ECF No. 93).   Defendant retained attorney Barbara Sanders in July 2012.   (ECF No. 126).   On September 11, 2012, the Government filed a Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Defendant's Response.   (ECF No. 148).   In the notice, the Government revealed its intent to call witnesses and play recordings of phone calls made from the Bay County Jail regarding Defendant's efforts to sell marijuana while incarcerated at the jail.   Defendant did not file a response to the notice.   However, on October 2, 2012, he entered a plea of guilty to Counts One, Two, and Five, and the Government moved to dismiss Count Three.   (ECF Nos. 163-166).

The Final Presentence Investigation Report ("PSR") calculated Defendant's total offense level as 38. (ECF No. 194, PSR ¶ 67). This included a base offense level of 34 which corresponded to offenses involving at least 3000 kilograms of marijuana, a two-level adjustment for the possession of dangerous weapons during the offense conduct, and a two-level adjustment due to Defendant's leadership role in the offense. (ECF No. 194, PSR ¶¶ 60, 61, 63). Defendant did not receive an adjustment for acceptance of responsibility due to his attempt to sell marijuana while incarcerated on the instant offense. (ECF No. 194, PSR ¶ 57, 67; ECF No. 148). Defendant had five criminal history points, and his criminal history category was III. (ECF No. 194, PSR ¶¶ 81-82). There was a statutory mandatory minimum term of ten years on Counts One and Two, a statutory maximum term of ten years on Count Five, and the applicable guidelines range was 292 to 365 months. (ECF No. 194, PSR ¶¶ 116-119). Defendant objected to the upward role adjustment and the firearm adjustment, to the lack of acceptance of responsibility adjustment, and to the calculation of his criminal history. (ECF No. 194, PSR ¶¶ 146—155).

At sentencing, the district court sustained the objection to the role adjustment and the Government withdrew its objection to the application of the acceptance of responsibility adjustment, which brought Defendant's offense level down to 33. (*See* ECF No. 224 at 4, 59). The revised guidelines range was reduced to 168 to 210 months' imprisonment. The court sentenced Defendant to a term of 190

months as to Counts One and Two, and 120 months as to Count Five, with all sentences to run concurrently. (ECF Nos. 205, 206, 224).

Patricia Jean Kyle represented Defendant on appeal. Defendant challenged the district court's denial of the motion to suppress, and argued that trial counsel was constitutionally ineffective in her litigation of the motion to suppress. He also claimed that criminal history category III overstated his criminal history, and the district court erred by declining to depart downward to criminal history category II. The Eleventh Circuit Court of Appeals noted no need to consider an argument raised for the first time as a basis for the suppression motion, but nonetheless stated that if it did consider the new argument, there was no error, much less any error that was plain. (ECF No. 266 at 8). Absent any error, counsel was not constitutionally ineffective for her failure to make this futile argument before the district court. (ECF No. 266 at 9). Lastly, the Eleventh Circuit found no error or impropriety in the sentence imposed, and it affirmed on December 6, 2013. (ECF No. 266 at 10).

Defendant timely filed the instant motion in June 2014. He separates his claims for relief into three grounds, assailing the performance of both trial and appellate counsel. The Government opposes the motion.

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998);

Case Nos.: 5:12cr3/MW/CJK; 5:14cv142/MW/CJK

*McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (*quoting Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error – that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (*quoting Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").

Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Id.* at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (*quoting Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). In the case of alleged sentencing errors, a defendant

must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Att'y Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United*

*States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good

Case Nos.: 5:12cr3/MW/CJK; 5:14cv142/MW/CJK

lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an

evidentiary hearing. *Gordon*, 518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop‒Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### Ground One—Failure to Amend Appeal to include *Alleyne* Claim

Defendant first claims appellate counsel Patricia Kyle was constitutionally ineffective because she did not amend his appeal to include a claim based on the Supreme Court's decision in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013). Defendant claims that Counts One and Two involved only between 1000 and 3000 kilograms of marijuana, and the Government combined the drug quantity in these two offenses to hold him accountable for between 3000 and 10000

kilograms of marijuana. Defendant's argument misapprehends the holding in *Alleyne* and the difference between statutory and guidelines sentencing schemes.

*Alleyne* held that any fact that increases the statutory mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor, and must be submitted to a jury. *Alleyne*, 133 S. Ct. at 2155, 2163. The Court specifically noted that its decision did not affect the fact finding used to guide judicial discretion in selecting the appropriate punishment within statutory limits, despite the fact that such fact-finding could affect the severity of a defendant's sentence. *Alleyne*, 133 S. Ct. at 2161, n.2, 2163. This sort of fact finding is what Defendant now claims counsel should have challenged on appeal.

Defendant does not claim, nor could he, that he was not subject to a statutory mandatory minimum sentence of ten years on Counts One and Two. (*See, e.g.,* ECF No. 163). Instead, he objects because the district court's finding with respect to drug quantity resulted in a higher guidelines sentence within the applicable statutory range. Furthermore, contrary to what Defendant seems to suggest, neither the indictment nor the plea agreement "capped" the quantity of drugs for which the court could find him accountable at 3000 kilograms. (*See e.g.,* ECF Nos. 48, 163).

Of course, due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prevail on a claim for ineffective assistance of appellate counsel, a

defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008); *see Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Of course, appellate counsel is not ineffective for failing to raise claims that are reasonably considered to be without merit. *Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013); *Shere*, 537 F.3d at 1311; *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (*citing Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)). Appellate counsel was not constitutionally ineffective for not amending the appeal to raise a meritless claim based on *Alleyne*.

<u>Ground Two—Failure to Object to Errors in Criminal History Calculation</u>

In Defendant's second ground for relief, he claims Ms. Sanders, who represented him before the district court, failed to object to the Government and the court overstating his criminal history at sentencing. Defendant maintains "at least five (5) criminal history points were assigned to him incorrectly" and the miscalculation "raised his criminal history category from level II up to level III." (ECF No. 289 at 5). Defendant misunderstands or misstates the criminal history calculation.

Defendant's PSR reflects that he received a total of five criminal history points. (ECF No. 194). He received a single point for a 1999 conviction for possession of marijuana, petit theft, and possession of drug paraphernalia pursuant to U.S.S.G. § 4A1.1(c), two points for a 2000 burglary conviction pursuant to U.S.S.G. § 4A1.1(b), and two points for a 2003 combined conviction for driving while license suspended or revoked and driving under the influence in accordance with U.S.S.G. § 4A1.1(b). (ECF No. 194, PSR ¶¶ 74, 75, 78). As acknowledged by counsel at sentencing, the criminal history was correctly calculated based on the sentences imposed for the underlying convictions.

Ms. Sanders nonetheless argued in Defendant's behalf that the criminal history category overstated past criminal behavior and suggested that the court depart downwards to a level II. (ECF No. 224 at 61-63). The court declined, stating "I think [Defendant] comes by that Category III honestly." (ECF No. 224 at 63). The Eleventh Circuit found the sentence to be substantively reasonable. (ECF No. 266 at 10).

To the extent Defendant argues misdemeanor offenses cannot be used to assess criminal history points, he is mistaken. *See* U.S.S.G. § 4A1.2(c). And the number of criminal history points a defendant receives for a prior offense is based in large degree, although not exclusively, on the sentence imposed in the prior cases. *See* U.S.S.G. § 4A1.1.

In sum, there was no error and there was nothing further counsel could have done to change the outcome of the proceedings. Counsel was not ineffective, and Defendant is not entitled to relief.

Ground Three—Failure to Object to Firearm Enhancement

Defendant next faults both trial and appellate counsel for their failure to object to the two-point firearm enhancement. The enhancement was improper, according to Defendant, because the firearms used as the basis for the enhancement were "disqualified" for the purpose of § 922(g) and § 922(c). Defendant's argument appears to be based on the Government's dismissal of Count Three, armed drug trafficking. (ECF No. 293 at 9). The dismissal of Count Three does not obviate the fact that Defendant pleaded guilty to being a felon in possession of a firearm and the firearms were properly considered with respect to the enhancement. The commentary to § 2D1.1 provides that the two-level firearm enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment (n.11(A)). A sentencing adjustment need not be proven beyond a reasonable doubt, but only by a preponderance of the evidence. *See, e.g.*, *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999). The PSR identified eighteen specific firearms seized during the execution of the search warrant at Defendant's property, along with ammunition and $431,000 in cash. (ECF No. 194, PSR ¶ 42, 61). A review of

the PSR does not reveal any support for a finding that the adjustment should not have applied. Ms. Sanders was not constitutionally ineffective for declining to persist in pursuing a meritless objection, and Ms. Kyle was not constitutionally ineffective for failing to raise this issue on appeal.

Conclusion

For all of the foregoing reasons, Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

Case Nos.: 5:12cr3/MW/CJK; 5:14cv142/MW/CJK

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the motion to vacate, set aside, or correct sentence (ECF No. 289) be DENIED.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida, this 12th day of July, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.