IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  5:12cr3/MW/EMT
 5:18cv128/MW/EMT

CHARLES A. ARMSTRONG

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 458).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND AND ANALYSIS

Defendant was charged in four counts of a six-count indictment with conspiracy to distribute and possess with intent to distribute one thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of

marijuana (Count One); possession with intent to distribute one thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of marijuana on a date certain (Count Two); possession of firearms in furtherance of the drug trafficking crime charged in Count One (Count Three); and possession of a firearm by a convicted felon (Count Five). (ECF No. 48). After unsuccessfully moving to suppress evidence of a search of his residence, Defendant entered a plea of guilty to Counts One, Two and Five, and the Government moved to dismiss Count Three. (ECF Nos. 69, 93, 163–166). The court sentenced Defendant to a term of 190 months as to Counts One and Two, and 120 months as to Count Five, with all sentences to run concurrently (ECF Nos. 205, 206, 224).

On appeal, Defendant challenged the district court's denial of the motion to suppress, claimed that trial counsel was constitutionally ineffective in her litigation of the motion to suppress, and claimed that his criminal history category was overstated. The Eleventh Circuit affirmed (ECF No. 266). In June of 2014, Defendant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, assailing the performance of both trial and appellate counsel (ECF No. 287). He first claimed that appellate counsel was ineffective because she did not amend his appeal to include a claim based on *Alleyne v. United States*, 133 S.

Case Nos.: 5:12cr3/MW/EMT; 5:18cv128/MW/EMT

Ct. 2151 (2013). Second, he claimed that the attorney who represented him before the district court was ineffective because she failed to object to the Government and the court overstating his criminal history at sentencing. Finally, he faulted both trial and appellate counsel for their failure to object to the two-point firearm enhancement. The district court adopted the magistrate judge's recommendation that the motion be denied on August 3, 2017 (ECF Nos. 442, 446, 447). The Eleventh Circuit denied Defendant's request for a certificate of appealability on December 18, 2017 (ECF No. 457).

In 2015, the district court sua sponte entered an order reducing Defendant's sentence from 190 months to 152 months based on the retroactively applicable Amendment 782 to the Sentencing Guidelines (*see* ECF Nos. 350, 370).

Defendant filed the instant motion on May 29, 2018 (ECF No. 458 at 13). He asserts that he is challenging the "new intervening judgment that was rendered while [he] was challenging the original 190-month judgment" (ECF No. 458 at 4). Defendant claims he is entitled to relief because "multiple counts [of the indictment] charged the same offense"; his criminal history and role in the offense were overstated in the PSR; and the weapon charged in Count 5 was an antique weapon and not a firearm. Procedurally, Defendant asserts that:

> The new intervening judgment was rendered on October 20, 2015 and the judgment on the Petitioner's Original § 2255 Petition was rendered on August 18, 2017 and as this is the first challenge to the new intervening judgment this petition is timely made under the AEDPA.

(ECF No. 458 at 12).  Defendant's reliance on the date his initial § 2255 motion was denied as the starting point of the one-year statute of limitations is mistaken.  Contrary to Defendant's position, the claims he now seeks to raise are not exclusive to the "intervening judgment" lowering his sentence based on Amendment 782.  He could have raised these claims in his initial motion to vacate.[1]

More significantly, this court does not have jurisdiction to consider a second or successive application for § 2255 relief absent an order from the appropriate court of appeals authorizing the district court to consider such a motion.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 F. App'x 409 (11th Cir. 2010).  Despite Defendant's representation to the contrary, his successive motion falls within the larger subset of cases for which such authorization is required, as the claims he raises challenge the same judgment he challenged in his

---

[1] The undersigned does note that Defendant attempted to amend his § 2255 motion several times, albeit not necessarily with the claims he seeks to raise herein.  The magistrate judge denied Defendant's motions to amend, and the district court and the Eleventh Circuit affirmed (ECF Nos. 381, 383, 386, 402, 403, 415, 416, 417, 421, 434).

Case Nos.: 5:12cr3/MW/EMT; 5:18cv128/MW/EMT

initial motion.   Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party

Case Nos.: 5:12cr3/MW/EMT; 5:18cv128/MW/EMT

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED:**

1. The motion to vacate, set aside, or correct sentence (ECF No. 458) be **DISMISSED** without prejudice.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of June, 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**   A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:12cr3/MW/EMT; 5:18cv128/MW/EMT